**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 12-cv-01478-REB

CELIA GARCIA DENUNEZ,

      Plaintiff,

v.

CAROLYN W. COLVIN,[1] Acting Commissioner of Social Security,

      Defendant.

---

**ORDER AFFIRMING COMMISSIONER**

---

**Blackburn, J.**

      The matter before me is plaintiff's **Complaint** [#1],[2] filed June 6, 2012, seeking

review of the Commissioner's decision denying plaintiff's claims for disability insurance

benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have

jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The

matter has been fully briefed, obviating the need for oral argument. I affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

      Plaintiff alleges that she is disabled as result of degenerative disc disease,

degenerative joint disease, and depression. After her application for disability insurance

---

      [1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013, and thus her name is substituted for that of Michael J. Astrue as the defendant in this suit. **FED. R. CIV. P.** 25(d)(1). By virtue of the last sentence of 42 U.S.C. § 405(g), no further action need to taken to continue this lawsuit.

      [2] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

benefits was denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on September 9, 2010.  At the time of the hearing, plaintiff was 49 years old.  She has a second grade education and past relevant work experience as a housekeeper.  She has not engaged in substantial gainful activity since January 29, 2009, her alleged date of onset.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits.  Although the medical evidence established that plaintiff suffered from severe impairments, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations.  Other alleged impairments were found to be not severe, a finding that plaintiff does not challenge in this appeal.  The ALJ found that plaintiff had the residual functional capacity to perform a reduced range of light work.  Although this finding precluded plaintiff's past relevant work, the ALJ found that there were other jobs existing in significant numbers in the national and local economies that she could perform.  He therefore found plaintiff not disabled at step five of the sequential evaluation.  Plaintiff appealed this decision to the Appeals Council.  The Council affirmed.  Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and/or mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the

2

impairments in making a disability determination." ***Campbell v. Bowen***, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).   However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. ***See Kelley v. Chater,*** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ  must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy.  This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f).  ***See also Williams v. Bowen*** 844 F.2d 748, 750-52 (10th

Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four steps of this analysis.  ***Bowen v. Yuckert***, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy.  ***Id.***  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  ***Casias v. Secretary of Health & Human Services***, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence.  ***Hamilton v. Secretary of Health and Human Services***, 961 F.2d 1495, 1497-98 (10th Cir. 1992); ***Brown v. Sullivan***, 912 F.2d 1194, 1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  ***Brown***, 912 F.2d at 1196.  It requires more than a scintilla but less than a preponderance of the evidence.  ***Hedstrom v. Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." ***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993).  Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner.  ***Id.***

4

## III.  LEGAL ANALYSIS

Plaintiff maintains that the ALJ erred in failing to order a consultative psychiatric evaluation or otherwise to ensure that the record contained a mental residual functional capacity evaluation.  She further contends the ALJ improperly discredited her subjective reports of pain and functional limitation.  Finding no reversible error in either regard, I affirm.[3]

Plaintiff maintains that in considering depression, the ALJ's determination of the "paragraph B" criteria[4] is not supported by substantial evidence because the record did not contain a completed psychiatric review technique form.  She contends that the ALJ therefore was required to order a psychiatric consultative examination.  This argument is wrong in both its premise and its conclusion.  The record does in fact contain a medical opinion from a state agency physician, Dr. MaryAnn Wharry, regarding the paragraph B criteria (Tr. 77) which corresponds in large part to the ALJ's ultimate

---

[3] In a single sentence of her opening brief, plaintiff also avers that the ALJ failed to properly credit the opinion of her treating physician.  I do not consider such inadequately briefed arguments.  *Jack v. Astrue*, 2010 WL 3615022 at *3 n.1 (D. Colo. Sept. 10, 2010).  *See also* **D.C.COLO.LCivR** 7.1C (requiring that a motion filed in this district "be supported by a recitation of legal authority incorporated into the motion").  Nor do I consider the additional arguments plaintiff brings forward only in her reply brief. *See Butler v. Astrue*, 2012 WL 1520154 at *3 n.3 (D Colo. April 30, 2012).

[4] Section 12.00 of the listings describes various mental disorders.  Each of the nine diagnostic categories identified therein is defined by three criteria: a statement describing the disorder (the capsule definition), a set of medical findings (the paragraph A criteria) and a set of impairment-related functional limitations (the paragraph B criteria).  Alternative functional criteria (the paragraph C criteria) are included for certain classes of disorders.  A claimant's impairment meets or equals a listed impairment, and therefore is presumed to be disabling, if the diagnostic description of the capsule definition and the criteria of both paragraphs A and B, or A and C, where appropriate, are satisfied.  *Id.*, § 12.00A.

Paragraph B requires proof that a medically determinable impairment has resulted "in at least two of the following:  1.  Marked restriction of activities of daily living; or 2.  Marked difficulties in maintaining social functioning; or 3.  Marked difficulties in maintaining concentration, persistence, or pace; or 4. Repeated episodes of decompensation, each of extended duration."  *See id*, § 12.04B.

determination on the level of functionality in each of the four described areas (Tr. 21).[5]

*See* **Social Security Ruling** 96-6p, 1996 WL 374180 at *2 (SSA July 2, 1996) (noting

that "State agency medical and psychological consultants and other program physicians

and psychologists are experts in the Social Security disability programs" and therefore

that ALJ must "consider their findings of fact about the nature and severity of an

individual's impairment(s)").  *See also* 42 U.S.C. § 421(h) (requiring Commissioner to

ensure, at the initial determination level, that a psychiatrist or psychologist has reviewed

the case file and undertaken the special psychiatric review technique); 20 C.F.R. §

404.1520a(e) (same).

Moreover, the ALJ's ability to order a consultative examination is discretionary,

based on his determination whether the record is inadequate to allow him to make a

determination.  *See* 20 C.F.R. § 1519a.[6]  Such was not the case here.  The ALJ

---

[5] The ALJ actually found that plaintiff had moderate limitations in social functioning (Tr. 21), which was more restrictive than the state agency doctor's doctors conclusion that she had no such restrictions whatsoever (Tr. 77).  I certainly cannot fault the ALJ for ascribing to plaintiff more restrictions than found by a medical source.

[6] Under the regulations, the ALJ "may purchase a consultative examination to try to resolve an inconsistency in the evidence, or when the evidence as a whole is insufficient to allow us to make a determination or decision on your claim."  20 C.F.R. § 404.1519a(b).  Examples include instances where

(1) The additional evidence needed is not contained in the records of your medical sources;

(2) The evidence that may have been available from your treating or other medical sources cannot be obtained for reasons beyond your control, such as death or noncooperation of a medical source;

(3) Highly technical or specialized medical evidence that we need is not available from your treating or other medical sources; or

(4) There is an indication of a change in your condition that is likely to affect your ability to work, but the current severity of your impairment is not established.

*Id.*

specifically tied his determination as to each of the separate paragraph B categories to specific evidence of record.  (*See* Tr. 21.)  There is nothing in the record to suggest that the evidence was inadequate to make this determination.

Even assuming *arguendo* that the ALJ erred in this regard, plaintiff fails to show how any such error was more than harmless.  *See Bernal v. Bowen*, 851 F.2d 297, 302 (10th Cir. 1988).  Plaintiff fails to point to any evidence suggesting that her depression is more debilitating than the ALJ found it to be, and the scant evidence suggests that plaintiff's depression is well-controlled on medication.  (Tr. 58-59 (plaintiff's testimony that medications prescribed by her psychiatrist were working); 326 (report to consultative examiner that she was "doing fairly well" with depression medications)).  I therefore find no reversible error in this regard.  *See Andrade v. Secretary of Health and Human Services*, 985 F.2d 1045, 1050 (10th Cir. 1993).

Plaintiff also suggests that the ALJ improperly discredited her subjective reports of pain.[7]  "[C]redibility determinations 'are peculiarly the province of the finder of fact,' and should not be upset if supported by substantial evidence."  *White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2001) (quoting *Kepler v. Chater*, 68 F.3d 387, 390-91 (10th Cir. 1995)).  Contrary to plaintiff's suggestion that the ALJ's credibility finding is mere boilerplate, he gave clear, specific, and legitimate reasons why he did not find plaintiff's testimony entirely credible.  With the exception of the ALJ's reliance on plaintiff's pecuniary interest in the outcome of the hearing – a factor which would apply in any

---

[7]  Although plaintiff further claims that the ALJ cherry-picked the record in this regard, she fails to point to any contradictory evidence which might substantiate this allegation.  In addition, although plaintiff suggests error in the ALJ's failure to consider the side effects of her medications, she did not report any such difficulties to her doctors.  *See Kelley*, 62 F.3d at 338.

appeal of a denial of benefits – all the factors considered by the ALJ were appropriate and supported by the record.  For example, the ALJ noted that plaintiff was able to sit without apparent difficulty through the 90-minute hearing, despite her allegation that she was significantly more limited in this respect.  (Tr. 25.)  ***See White***, 287 F.3d at 909.  He also pointed out that plaintiff claimed not to have received unemployment benefits, when in fact she had.  (Tr. 24, 165-166.)[8]  This argument therefore does not warrant reversal either.

   **THEREFORE, IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **AFFIRMED**.

   Dated May 6, 2013, at Denver, Colorado.

                                        **BY THE COURT:**

                                        Robert E. Blackburn
                                        United States District Judge

---

[8]  Moreover, although not specifically cited by the ALJ, "in order to receive unemployment benefits, [a claimant is] required to affirm that he was willing and able to work.  Such affirmations are inconsistent with claims of disability and thus negatively impact a claimant's credibility."  ***See Moses v. Astrue***, 2012 WL 1326672 at *3 (D. Colo. April 17, 2012).